# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-419V
Filed: May 24, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MONTY CATHCART and CAROL     \*
CATHCART, on behalf of their     \*
minor daughter, KYRA CATHCART,     \*
    \*
              Petitioners,     \*
    \*
v.     \*
    \*
SECRETARY OF HEALTH     \*
AND HUMAN SERVICES,     \*
    \*
              Respondent.     \*
    \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOT TO BE PUBLISHED

Special Master Zane

Ruling on the Record; Human
Papillomavirus ("HPV") Vaccine;
Seizure Disorder; Insufficient Proof
of Causation

*Jennifer Lenze*, Lenze Law, PLC, El Segundo, CA, for Petitioner
*Ann Martin*, United States Dep't of Justice, Washington, DC, for Respondent

## UNPUBLISHED DECISION DISMISSING CASE[1]

On June 26, 2012, Monty Cathcart and Carol Cathcart ("Petitioners") filed a petition for compensation on behalf of their daughter, Kyra Cathcart , under the National Childhood Vaccine Injury Act of 1986 ("the Vaccine Act"), 42 U.S.C. § 300a-10, *et seq*., as amended. Petitioners alleged that their daughter suffered a seizure disorder as a result of receipt of the Human

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. Absent a timely motion to redact, the decision will be made available to the public in its entirety. If the Special Master, upon review of a timely-filed motion, agrees that the identified material fits within the categories listed above, the Special Master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

Papillomavirus ("HPV") vaccine on August 11, 2008. Petition at ¶ 2,3. For the reasons set forth below, the undersigned finds that Petitioner is not entitled to compensation and dismisses her case.

## I.    BACKGROUND

Petitioners originally filed their petition on June 26, 2012. Subsequently, outstanding medical records were filed in November of 2012 and January of 2013. Petitioners moved for several enlargements of time to extend the deadlines to file additional medical records. All such motions were granted. On March 11, 2013, Petitioner filed a status report informing the Court that they believed all pertinent medical records had been filed. Respondent filed a status report on April 15, 2013 stating that medical records were still missing from the record. [ECF No. 18].

On May 14, 2013, a status conference was held before the undersigned to discuss the missing records and the onset of Petitioners' daughters' injuries. On May 21, 2013, Petitioners filed a Motion for Decision Dismissing the Petition ("Motion for Decision"). Respondent did not file a response to Petitioner's motion but indicated that she did not oppose the granting of that motion. This matter is now before the undersigned for decision.

Having considered Petitioner's motion, the undersigned hereby grants Petitioner's motion for a ruling on the record and enters this ruling based upon the entire record. Vaccine Rule 8(d).

## II.    DISCUSSION

To be awarded compensation under the Vaccine Act, a petitioner must prove either: 1) that he suffered a "Table Injury," *i.e*., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations in question, or 2) that any of his medical problems were actually caused or significantly aggravated by the vaccination(s) at issue. *See* 42 U.S.C. §§ 300aa-11(c)(1) and 300aa-13(a)(1)(A).

Actual causation must be proved by preponderant evidence demonstrating that the subject vaccination caused the petitioner's injury by showing: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs*., 418 F.3d 1274, 1278 (Fed. Cir. 2005). The logical sequence of cause and effect must be supported by "reputable medical or scientific explanation." *Id.*, *quoting Grant v. Sec'y of Health & Human Servs.*, 956 F.2d 1144, 1148 (Fed. Cir. 1992). A petitioner may not be awarded compensation based on petitioner's claims alone. 42 U.S.C. § 300aa-13(a)(1). Rather, the petition must be supported by either medical records or by the opinion of a competent physician. *Id.*

An examination of the record demonstrates that it does not contain medical records or a medical opinion sufficient to demonstrate that Petitioners' daughter was injured by a result of receipt of the HPV vaccination. First, a seizure injury is not a "Table Injury" associated with the HPV vaccination, 42 C.F.R. § 100.3(a) (2011), and Petitioners did not claim to have suffered a "Table Injury."

Second, Petitioners have not proved that their daughters' injuries were caused in-fact by her receipt of the HPV vaccination. Specifically, the record does not contain any emergency records or other treating physician records which date around the time of the claimed initial onset of June 2009. Moreover, none of the treating physicians have opined that Petitioners' daughter sustained injuries that were caused or significantly aggravated by the vaccinations he received. *See* P's Exs. 1-8. Finally, Petitioners have not submitted an expert report and, by filing this Motion for Decision Dismissing Her Petition, have indicated that they will not submit an expert report supporting their claim that the HPV vaccination caused their daughter's injuries.

Based on the review of the record as a whole, Petitioners have failed to prove by preponderant evidence that their daughter suffered a "Table Injury" or that her condition was "actually caused" by her vaccination.

**Petitioner's claim for compensation is DENIED, and this case is DISMISSED for insufficient proof.** In the absence of a motion for review, the Clerk of the Court is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

/s/ Daria J. Zane
Daria J. Zane
Special Master

---

[2] This document constitutes a final "decision" in this case pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). Unless a motion for review of this decision is filed within 30 days, the Clerk of the Court shall enter judgment in accordance with this decision. Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.